See note to this case in 10 L. R. A. 190.— REP.

DELLS, Respondent, vs. STOLLENWERK and others, Appellants.

*November 29 — December 16, 1890.*

*Negligence: Personal injury: Evidence: Master and servant: Scope of employment.*

1. The plaintiff, who was the tenant of a house which the defendants had been moving under a contract with the owner, was injured by reason of the insufficiency of steps which had been temporarily erected at the door of the house. The evidence (stated in the opinion) is *held* to be insufficient to sustain a finding that the defendants had promised plaintiff that they would erect steps and make them safe.
2. Such steps were erected by the defendants' workmen, at the request of the plaintiff, after they had quit work for the day. Neither of the defendants, nor their foreman, was present. *Held,* that as the defendants were under no obligation to erect the steps, the acts of the workmen were not within the scope of their employment, and the defendants are not responsible for their negligence.

APPEAL from the Circuit Court for *Milwaukee* County.

The action is for personal injuries to the plaintiff, charged to have been caused by the negligence of the defendants.

It is alleged in the complaint that in August, 1888, the plaintiff with her husband and family occupied a dwelling-house on a certain lot in the city of Milwaukee, at the corner of Hanover and Lapham streets, as tenants of one Edward Price, the owner thereof; that the defendants, who were partners in business as carpenters and builders, contracted with Price to remove such dwelling-house to another part of the lot and put the same in good tenantable condition and repair,— they to furnish all labor and materials necessary for those purposes,— and to complete the work in a reasonable time; that plaintiff, her husband, and family, demanded of Price and the defendants to know whether it would be necessary to vacate the house while being so removed and repaired, or whether they could continue to occupy it with safety, and the defendants assured the plaintiff that it would be perfectly safe for them to continue to occupy the house, and that all proper means, appliances, and facilities would be furnished by them to enable her and her family to go in and out of, and to continue to occupy, the house during the removal and repair of the same; that the removal thereof was commenced August 11th, and the house was placed over the spot where it was intended to stand on August 25, 1888, and was left at a great height from the ground, without any suitable or proper means of ingress to or egress from the same, particularly at the rear door thereof, but the defendants put up at such rear door blocks and pieces of timber piled together, in lieu of permanent steps, for the purpose of enabling plaintiff and her family to go in and out of the house as the convenient use thereof required; that plaintiff informed defendants she did not think such temporary steps were safe to be thus used, but they assured her the same were safe, and she did not know to the contrary, and relied upon such assurance; that such steps were carelessly and negligently put up, were not properly secured, and that when plaintiff attempted to de-

scend them on August 26th they slipped from under her feet, by means whereof she was thrown down, and received the injuries of which she complains.

Except as to the copartnership relation of the defendants, the ownership and occupancy of the premises, their contract with Price to remove the building, and, perhaps, the injuries received by plaintiff, as alleged in the complaint, the answer of defendants is substantially a denial of the material allegations of the complaint.

At the conclusion of plaintiff's testimony, and again at the conclusion of all the testimony in the case, the defendants moved the court to direct a verdict in their favor, which motions were denied. The testimony is sufficiently stated in the opinion. The jury found for the plaintiff, and assessed her damages at $1,250. A motion by defendants for a new trial was denied, and judgment entered for plaintiff pursuant to the verdict. The defendants appeal from the judgment.

For the appellants there was a brief by *Clarke & McAuliffe*, and oral argument by *J. M. Clarke*.

For the respondent there was a brief by *Austin, Runkel & Austin*, and oral argument by *R. N. Austin*.

LYON, J. There was considerable controversy on the trial as to whether defendants were independent contractors, or merely the servants of Price, the owner of the building in question, in the removal and repair thereof, and much testimony was given as to the terms of the contract between them. The court held they were independent contractors. Without determining this controversy, it will be assumed for the purposes of this appeal that the ruling was correct. Neither will it be determined as to what effect a breach by the defendants of their contract with Price might have upon this action, for no such breach was proved. The contract with Price seems to have been fully performed by

defendants according to its terms and to the satisfaction of Price.

It cannot be successfully claimed that the defendants owed any duty to the plaintiff to construct the steps in question, unless they promised plaintiff to do so. This is not controverted by the learned counsel for plaintiff, but he maintains the testimony tends to prove that defendants promised plaintiff to erect the steps and make them safe for use while the work was in progress; also that they did erect them, and assured the plaintiff that the work was properly done and the steps were safe for use, but that in fact they were negligently and insufficiently constructed and were unsafe, by reason whereof they slipped from under the feet of plaintiff when she attempted to descend them, causing the injury complained of. The jury having found for the plaintiff, if the testimony tends to prove the above propositions of fact, the defendants violated their legal duty to plaintiff, and she is entitled to recover damages for her injuries. This brings us to a consideration of the testimony bearing upon the question, Were the defendants under any legal obligation to plaintiff to construct the steps?

The plaintiff first testified that, just before the work was commenced, *Stollenwerk,* one of the defendants, assured her there was no danger, and that she need not remove from the house, nor take down her pictures from the walls, or even remove a chair from its place; also that she had no further conversation with him, and none with the other defendants, on the subject. She reaffirmed these statements on her cross-examination. On redirect examination she was asked by her counsel, " Was anything said at that time by you or Mr. Price or *Mr. Stollenwerk* respecting whether or not you could get in and out of the house while it was being moved?" to which she replied, " Yes, sir; he said he would make all conveniences — everything per-

fectly safe." On a second redirect examination, her counsel asked her: "But *Stollenwerk* did agree to build the steps?" And she replied: "Yes, sir; he did agree to build the steps for me." The plaintiff's daughter, who was present at the conversation between *Stollenwerk* and her mother, was called by plaintiff, and testified that he said to plaintiff: "He would fix everything convenient to the house and put up stairs and everything like that, so we could go out of the house." But on her cross-examination she was asked, "Did you, or your mother in your presence, say anything to him about building steps?" to which she replied, "Well, ma asked him would he make everything convenient to the house."

The foregoing is all the testimony introduced by the plaintiff relating to the alleged promise of the defendants to erect the steps. It falls far short of proving the allegations of the complaint on that subject. It satisfactorily shows that *Stollenwerk* made no specific promise to construct the steps, and that when plaintiff and her daughter testified that he did so they meant only that, because he agreed to furnish all appliances for the safe use of the house, that necessarily included an agreement to construct the steps which were essential to such use. This is a fair construction of their testimony, and the only construction which will reconcile apparent conflicts therein. The testimony is clearly insufficient to support a finding that *Stollenwerk* specially agreed to build the steps, and the court should have so held.

The defendant *Stollenwerk* testified that in his conversation with plaintiff nothing was said about going in and out of the house, but that he said to her: "'There is always lots of stuff lying around here. It is very easy to make steps. There is lots of blocks and timbers lying here all the time;' and she says, 'My husband is a carpenter. . . . He knows all about that.'" This quoted testimony

Dells vs. Stollenwerk and others.

is not disputed, and stands as a verity in the case. It proves conclusively that whatever promise *Stollenwerk* may have made the plaintiff to "make all convenient — everything perfectly safe," the building of the steps was not included therein. That was left to be done by plaintiff's husband, if necessary. Hence, if the alleged promise was made, it did not include the building of the steps, and defendants owed no duty in that behalf to plaintiff.

Moreover, had the agreement been that the defendants should provide safe means of ingress and egress to and from the house during the progress of the work, it is doubtful, to say the least, whether this would charge them with the duty of erecting the steps until the plaintiff should request them to do so and inform them at which entrance she desired them to be erected, which she did not do. However, this question is not here decided.

Having determined that under the testimony the defendants were not charged with the duty of building the steps by reason of any promise to do so, we are brought to consider the testimony bearing upon the charge in the complaint, that they did in fact erect the same, and did the work so negligently that the plaintiff was thereby injured when she attempted to use them. The testimony is that, on the evening of August 25th, the plaintiff asked one Bissett, who had been at work during the day for the defendants excavating a cellar under the house, and who had closed his day's work, and was just putting away his tools, to place some steps at the rear door of the house. Bissett proceeded to do so, and was assisted by one Feldt, who was employed by defendants as a teamster, and they erected the steps in question, using blocks for that purpose. The plaintiff testifies that one of them assured her the steps were perfectly safe. Neither of the defendants, nor their foreman who had charge of the work, was present.

Because the defendants were not charged with the duty

of erecting the steps, it necessarily results that their employees, when they erected the same at plaintiff's request alone, were not acting within the scope of their employment by defendants, and hence the defendants are not chargeable with the consequences of their negligence, if they were negligent. They were *pro hac vice* the servants of the plaintiff, not of the defendants. The case would not be different had the plaintiff called these men into the house, or to some other place, to move a heavy article for her, and the plaintiff had been injured because of their negligence in moving it. In either case their act was entirely outside the scope of their employment. Whether these employees of defendants would have been acting within the scope of their employment in erecting the steps, had the defendants been under any legal obligation to plaintiff at that time to erect the same, we do not determine.

Our conclusion upon the whole case is that the testimony is insufficient to support a verdict and judgment for plaintiff, and hence that the court should have directed a verdict for the defendants.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.